# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Westminster American Ins. Co. 8890 McDonogh Rd Owings Mill, MD 21117__

Address of Defendant: __Security National Insurance Company 800 Superior Avenue East, 21st Floor, Cleveland, OH 44114__

Place of Accident, Incident or Transaction: __4207 Chester Avenue, Philadelphia, PA 19104__

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ] No [✔]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ] No [✔]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ] No [✔]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ] No [✔]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/07/2020__   __/s/Charles M. Adams, CPCU, Esquire__   __310405__
         *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.  Federal Question Cases:*
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify):* _____

*B.  Diversity Jurisdiction Cases:*
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. [✔] Other Personal Injury *(Please specify):* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Charles M. Adams, CPCU, Esquire__, counsel of record *or* pro se plaintiff, do hereby certify:

[✔] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __05/08/2020__   __/s/Charles M. Adams, CPCU, Esquire__   __310405__
         *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Westminster American Insurance Company : CIVIL ACTION
and 4207 Chester Ave., Inc. :
v. :
Security National Insurance Company :
: NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 5/7/2020 | Charles M. Adams, CPCU, Esq. | Wesminster American Insurance Co. |
|---|---|---|
| **Date** | Attorney-at-law | Attorney for |
| 215-732-3255 | 215-732-3260 | cadams@lssh-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTMINSTER AMERICAN INSURANCE COMPANY and 4207 CHESTER AVE., LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SECURITY NATIONAL INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiffs, Westminster American Insurance Company ("Westminster") and 4207 Chester Ave., LLC ("Chester Ave.") (hereinafter referred to collectively as "Plaintiffs"), by and through their undersigned counsel, comes now before this Honorable Court and files this Complaint for Declaratory Judgment against Defendant, Security National Insurance Company ("Security National") (hereinafter referred to as "Defendant"), and in support thereof avers as follows:

## I.    NATURE OF THE ACTION

1. This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiffs seek a determination that Defendant has a duty to defend and indemnify Chester Ave. as an additional insured under a Commercial General Liability insurance policy issued to AM Marlin Construction, LLC (hereinafter the "AM Marlin"). Chester Ave. seeks additonal insured coverage under AM Marlin's Policy for claims asserted against it by Argenis Reyes and Waldy Reyes (hereinafter referred to as "Underlying Claimants") in relation to the June 25, 2019 collapse of a fire escape at Chester Ave.'s property located at 4207 Chester Avenue, Philadelphia, PA 19104 (hereinafter referred to as the "Underlying Incident"). After largely ignoring Plaintiffs' claims for coverage for over five months, Defendant finally provided

Plaintiffs' with its formal coverage position. Without conducting a proper investigation, Defendant took the unreasonable position that Chester Ave. is not entitled to additional insured coverage under the AM Marlin Policy because Underlying Claimants' claims did not arise from AM Marlin's ongoing operations conducted on Chester Ave.'s behalf. In taking this position, Defendant not only breached its contractual obligations but also acted in bad faith toward its additional insured, Chester Ave.

2. Accordingly, Plaintiffs request that this court issue a declaration in its favor finding that Defendant is required to provide Chester Ave. with defense and indemnity without reservation under AM Marlin's Policy for Underlying Claimants' claims and that, in denying coverage for such claims, Defendant not only breached its contractual duties owed to Chester Ave. but also, acted in bad faith pursuant to 42 Pa.C.S.A. § 8371.

## II.     THE PARTIES

3. Plaintiff, Westminster is an insurance company with corporate offices at 8890 McDonogh Road, Suite 310, Owings Mills, MD 21117. Westminster regularly conducts business within the Commonwealth of Pennsylvania and within this judicial district.

4. Plaintiff, Chester Ave. is a Pennsylvania limited liability company with offices at 222 Righters Mill Road, Penn Valley, PA 19072. Chester Ave. regularly conducts business within the Commonwealth of Pennsylvania and within this judicial district.

5. Defendant, Security National is an insurance company with corporate offices at 800 Superior Avenue East, 21st Floor, Cleveland, OH 44114. Security National regularly conducts business within the Commonwealth of Pennsylvania and within this judicial district.

### III.     JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

7. A justiciable controversy exists between Plaintiffs and Defendant within the meaning of 28 U.S.C. § 2201 with respect to Defendant's duty to defend and/or indemnify Chester Ave. against any claims asserted by Underlying Claimants, in connection with the Underlying Incident. See, e.g., ACandS, Inc. v. Aetna Casualty & Surety Co., 666 F.2d 819, 822-23 (3d Cir. 1981) (finding claims seeking declaration on defendant's duty to defend underlying lawsuit and to pay any judgment resulting from same was ripe for declaratory judgment by court); Yellowbird Bus Co. v. Lexington Ins. Co., 2010 U.S. Dist. LEXIS 69554 (E.D. Pa. 2010) ("in the context of a declaratory judgment action, courts generally find that the issue of whether an insurer has a duty to defend an insured in an underlying action is sufficiently ripe" for judicial determination).

8. This Court has diversity jurisdiction over this action pursuant to 23 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and this action is between citizens of different states.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the events and/or omissions giving rise to Underlying Claimants' claims occurred in this judicial district and Defendant regularly conducts business within this judicial district.

**FACTS GIVING RISE TO THIS INSURANCE COVERAGE DISPUTE**

**<u>The Underlying Incident and Claims</u>**

10. On or about June 25, 2019, Underlying Claimants were performing repair and/or maintenance work to the interior of Chester Ave.'s property located at 4207 Chester Avenue,

3

Philadelphia, PA 19104 ("Property"). See Underlying Claimant Argenis Reyes' Demand Package attached hereto as **Exhibit A**.

11. At the time of the Underlying Incident, Underlying Claimants were purportedly working in their capacity as employees of AM Marlin and/or Altman Management Company, Inc., a property management company hired by Chester Ave. to maintain and manage the Property.

12. Underlying Claimants allege that they were injured while discarding construction debris from one of the Property's third-floor fire escape balconies. When they stepped onto the balcony, it collapsed. See Underlying Claimant's Mediation Statement Letter, attached hereto as **Exhibit B**.[1]

13. Underlying Claimant Waldy Reyes fell one story onto a second-floor landing, suffering two fractured ribs. Waldy Reyes has made a settlement demand in an effort to resolve any claim he may have in connection with the Underlying Incident. Id.

14. Underlying Claimant Argenis Reyes fell multiple stories to the ground and suffered significant injuries, including but not limited to permanent paralysis. Argenis Reyes alleges over $35,000,000 in damages and has demanded payment of policy limits from all responsible parties. Id.

15. Underlying Claimants allege Chester Ave. is responsible for the injuries suffered because it (Chester Ave) is the owner of the where the loss occurred.

16. In an effort to avoid needless litigation of Underlying Claimants' claims, the parties are set to attend a pre-suit mediation on May 13, 2020.

**Chester Ave. As an Additional Insured on AM Marlin's Insurance Policy**

---

[1] Plaintiff Argenis Reyes' counsel has authorized the production of his client's Mediation Statement – which would otherwise remain confidential pursuant to 42 Pa.C.S. § 5949. See **Exhibit C.**

17. At the time the Underlying Incident, AM Marlin was insured under Security National Commercial General Liability Insurance Policy, No. NA1175467-02. <u>See</u> AM Marlin's Commercial General Liability Insurance Policy, attached hereto as **Exhibit E**.

18. Included in AM Marlin's Policy was a "Blanket Additional Insureds-Owners, Lessees or Contractors" endorsement ("Endorsement") that modified the Policy's definition of "Who is an Insured" to include "the person or organization shown in the Schedule, but only to the extent that the person or organization shown in the Schedule is held liable for your acts or omissions arising out of your ongoing operations performed for that insured." <u>See</u> Blanket Additional Insured Endorsement to AM Marlin's Security National Policy, attached hereto as **Exhibit E**.

19. Plaintiffs and Defendant agree that, through this endorsement effective at the time of the Underlying Incident, AM Marlin explicitly designated Chester Ave. as a person or organization to whom additional insured coverage under its Policy was to be extended for liability arising from AM Marlin's "Residential Remodeling" work at "various locations throughout Philadelphia, PA." <u>See</u> **Exhibit D** at 3 (describing AM Marlin's insured business as "Residential Remodeling") and **Exhibit E**.

20. Plaintiffs and Defendant further agree that this designation requires Defendant to extend coverage to Chester Ave. for any liability imposed upon Chester Ave. which arises out of AM Marlin's ongoing operations performed on Chester Ave.'s behalf.

21. As the Underlying Incident allegedly arose out of AM Marlin's residential remodeling and repair work to the interior of Chester Ave.'s Property, this Endorsement applies to extend additional insured coverage to Chester Ave. under the AM Marlin Policy.

22.     There is no exclusion within the AM Marlin Policy that would apply to otherwise vitiate or limit the additional insured coverage provided to Chester Ave. under this Endorsement for the claims asserted against it.

**Security National's Bad Faith Handling of Westminster/Chester Ave.'s Tender**

23.     As there is no question that Defendant is required to extend coverage to Chester Ave. as a scheduled additional insured on the AM Marlin Policy, Westminster—Chester Ave.'s commercial general liability insurer—tendered Defendant Chester Ave.'s defense and indemnity against Underlying Claimants' claims. See Westminster's Tender Letter to Security National dated **December 26, 2019**, attached hereto as **Exhibit F**.

24.     On January 2, 2020, Sean Arteca — Security National's Claim Consultant — confirmed receipt of Westminster's tender letter, gave notice of its intent to commence an investigation, and requested additional information regarding the Underlying Incident. See Email from Sean Arteca, attached hereto as **Exhibit G**.

25.     On January 8, 2020, Plaintiffs responded to Security National's request, providing the additional information which had been requested. See Westminster's Letter to Sean Arteca, attached hereto as **Exhibit H**.

26.     On January 15, 2020, another Claim Consultant - Shannon Corley - sent another email to Westminster, lodging another request for additional information and again representing that Security National had begun conducting an investigation into Plaintiffs' claim. See Email from the handling Claims Consultant, Shannon Corley, attached hereto as **Exhibit I**. Ms. Corley further advised that Security National "ha[d] identified coverage issues which may limit or preclude coverage for the claim under [AM Marlin's] policy." It failed to provide any additional information about what these alleged coverage issues were. Id.

6

27. On February 7, 2020, Plaintiffs further responded to Ms. Corley's requests for additional information, providing not only additional substantive information but also, various documents in support of its original December 26, 2019 tender. See Email from Westminster to Ms. Corley, attached hereto as **Exhibit J**.

28. Security National never responded to this letter. Despite promises made in its January 2, 2020 and January 15, 2020 emails, Security National never took any steps to formalize and communicate its position regarding Plaintiffs' claim for coverage.

29. Accordingly, on April 3, 2020, Plaintiffs sent additional correspondence to Security's Claim Consultants requesting a formal response to Westminster's December 26, 2019 tender letter. See Westminster's Letter to Mr. Arteca and Ms. Corley, attached hereto as **Exhibit K**. As Plaintiffs noted in that correspondence, National Security's refusal to respond to Plaintiffs' coverage claim was affirmatively impeding Plaintiffs' ability to potentially settle Underlying Claimants' claims against Chester Ave. Id.

30. While Defendant responded to this letter, they yet again failed to squarely address the substance of Underlying Claimants' allegations and/or Chester Ave.'s right to coverage under AM Marlin's Policy. Instead, Defendant reiterated without further explanation that Security National "ha[d] identified coverage issues which may preclude coverage for the claim under the [AM Marlin] policy. See Email from Ms. Corley dated April 29, 2020, attached hereto as **Exhibit L**.

31. Finally, on May 6, 2020, Defendant provided Plaintiffs with its formal coverage position. See Ms. Corley's coverage declination letter on behalf of Security National, attached hereto as **Exhibit M**.

32. This was just seven (7) days before pre-suit mediation was scheduled to take place on Underlying Claimants' claims. See Email from JAMS mediation confirming May 13, 2020 mediation, attached hereto as **Exhibit N**.

33. In this letter, Security National affirmatively acknowledged that Chester Ave. qualifies as an additional insured pursuant to the AM Marlin policy's "Blanket Additional Insureds-Owners, Lessees or Contractors" endorsement. See **Exhibit M**.

34. However, Security National alleged such coverage is limited to the extent Chester Ave. is held liable for AM Marlin's acts and/or omissions arising out of the AM Marlin's ongoing operations performed for Chester Ave.. Id.

35. Accordingly, Security National denied Chester Ave. coverage for the Underlying Incident because it allegedly determined, through its "investigation," that AM Marlin did not perform any work for Chester Ave. on the Property's fire escape balcony that collapsed. Instead, Security National (incorrectly) maintain that AM Marlin's work was limited to work inside the Property.

## COUNT I
## DECLARATORY JUDGMENT

### Westminster and Chester Ave. v. Security National

36. Plaintiffs hereby incorporate the preceding paragraphs 1-37 of this Declaratory Judgment Complaint as though same were set forth at length herein.

37. There is a genuine and *bona fide* dispute, controversy, and disagreement between Plaintiffs and Defendant regarding whether Chester Ave. is entitled to a defense and indemnity against Underlying Claimants' claims, as an additional insured under AM Marlin's Commercial General Liability Policy.

38. Both Plaintiffs and Defendant agree that Chester Ave.'s designation as a scheduled additional insured on the AM Marlin Policy's "Blanket Additional Insureds-Owners, Lessees or Contractors" endorsement entitles it to additional insured coverage under the AM Marlin Policy for certain claims.

39. Plaintiffs aver that this endorsement extends coverage to Chester Ave. for this loss because Underlying Claimants' claims arise out of AM Marlin's ongoing interior remodeling and/or maintenance work performed at the Property on the behalf of Chester Ave.

40. But for AM-Marlin's work performed for Chester Ave., Underlying Claimants would not have been on the fire escape balcony at the time it collapsed and would not have suffered the injuries they suffered.

41. Upon information and belief, AM Marlin's employee made use of the fire escape as a means of disposing of and/or cleaning up the debris created by AM Marlin's interior work.

42. Defendant Security National has nevertheless taken the position that there is no coverage for Chester Ave. under AM Marlin's policy's "Blanket Additional Insureds-Owners, Lessees or Contractors" endorsement because Underlying Claimants' claims do not arise from AM Marlin's ongoing operations performed on the behalf of Chester Ave. at the Property. Security National has incorrectly asserted that AM Marlin's remodeling operations were unrelated to the fire escape balcony which collapsed and caused Underlying Claimants' injuries.

43. However, Plaintiffs maintain that the use of the fire escape by AM Marlin's employee as a means of disposing of debris created by AM Marlin's work is sufficiently related to AM Marlin's remodeling operations such that this loss clearly "arises" from AM Marlin's work for purposes of the Endorsement.

44. Pursuant to its own terms, the AM Marlin Policy is primary as to any other insurance available to Plaintiff, Chester Ave., including the Westminster Policy, which is excess. See **Exhibit D**.

45. Federal courts have continually held that such disputes, over the applicability and scope of coverage provided under an insurance policy, are ripe for determination by declaratory judgment. See e.g. ACandS, Inc., 666 F.2d at 822-23; Yellowbird Bus Co. v. Lexington Ins. Co., 2010 U.S. Dist. LEXIS 69554, at *10-11.

WHEREFORE, pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiffs request that this Honorable Court issue a judgment declaring that:

a) Underlying Claimants' claims arise from AM Marlin's ongoing operations being performed for Chester Ave. at the Property;

b) As a result, Security National was required to accept Westminster's tender and provide Chester Ave. with a defense and indemnity against Underlying Claimants' claims, pursuant to the AM Marlin's Policy's "Blanket Additional Insureds-Owners, Lessees or Contractors" endorsement;

c) Security National should have undertaken the Defense of Chester Ave. beginning on December 26, 2019; and

d) Security National is obliged to reimburse any defense costs associated with the Underlying Claims which have been incurred by Plaintiffs since December 26, 2019.

## COUNT II
## BAD FAITH INSURANCE

### Plaintiffs v. Security National

46. Plaintiffs hereby incorporates the preceding paragraphs 1-46 of this Declaratory Judgment Complaint as though same were set forth at length herein.

47. Chester Ave. brings this claim under Pennsylvania's bad faith insurance statute, 42 Pa.C.S.A. § 8371.

48. All parties agree that Chester Ave. qualifies as an additional insured under AM Marlin's Security National Commercial General Liability Insurance Policy.

49. As an additional insured, Security National has an obligation to exercise the utmost good faith in the handling of Chester Ave.'s claim for coverage.

50. Despite this obligation, Security National has wrongfully and in bad faith denied coverage to Chester Ave. for liability arising from the Underlying Incident.

51. This denial of coverage was made in reckless disregard of the fact that Security National lacked a reasonable basis upon which to do so.

52. Such a denial without a reasonable basis constitutes "bad faith" as used in 42 Pa.C.S.A. § 8371.

53. Security National engaged in bad faith conduct, including but not limited to:

   a) Failing to objectively and adequately evaluate Plaintiffs' claim as well as Underlying Claimants' claims;

   b) Taking over five (5) months to issue its formal coverage position, declining coverage to Chester Ave. for liability arising from the Underlying Incident;

   c) Delaying issuance of its formal coverage position until May 6, 2020, despite knowledge that (1) the Underlying Plaintiffs have made a time-limited demand for

11

Policy Limits which is set to expire on June 1, 2020; (2) the parties had agreed to attend mediation on May 13, 2020; and (3) as early as January 15, 2020, Security National indicated it was aware of issues that precluded or limited coverage for Chester Ave. under the AM Marlin Policy;

d) Failing to keep Chester Ave. adequately apprised of the status of its investigation of coverage for Underlying Claimants' claims;

e) Failing to timely make Chester Ave. aware of its coverage position such that Chester Ave. was prevented from settling Underlying Claimants' claims prior to agreeing to go to pre-suit mediation on same;

f) Failing to undertake meaningful investigation of Underlying Claimants' claims prior to the issuance of its formal coverage position, denying coverage to Chester Ave. for same;

g) Denying coverage for Underlying Claimants' claims without any plausible evidence that these claims do not arise from the AM Marlin's ongoing operations performed for Chester Avenue;

h) Unreasonably withholding benefits under the AM Marlin Policy that Chester Ave. is rightfully entitled to as an additional insured on same;

i) Misrepresenting pertinent facts and policy provisions relating to Chester Ave.'s right to additional insured coverage under the AM Marlin policy;

j) Adopting unduly restrictive interpretations of provisions within AM Marlin's Policy, in order to fabricate a basis upon which coverage to Chester Ave. could be denied;

k) Conducting an unfair, unreasonable, self-serving, and inadequate investigation of Chester Ave.'s and Underlying Claimants' claims;

l) Delaying issuance of its formal coverage position, such that Chester Ave. is now placed in the precarious position of re-evaluating its settlement strategy and approach just days before the scheduled pre-suit mediation on Underlying Claimants' claims;

m) Failing to acknowledge and/or appropriately respond to all Plaintiffs written and verbal communications regarding Chester Ave.'s coverage claims;

n) Denying coverage to Chester Ave., despite the fact that Pennsylvania law requires any determination as to coverage to be based upon the allegations included in Underlying Claimants' complaint, which has yet to be filed;

o) Ignoring the possibility that Underlying Claimants' complaint would likely include allegations that, if proven to be true, will absolutely extend additional insured coverage to Chester Ave. pursuant to the terms and conditions of the AM Marlin Policy; and

p) Wrongfully and deliberately ignoring and eventually denying Chester Ave.'s claim for coverage, such that Chester Ave. is now at risk of being subjected to an excess judgment for which it will be held personally responsible; and

q) Failing to abide by Defendant's duty of good faith and fair dealing with its insured and/or other insurers, including Westminster.

54. Plaintiffs have and will surely continue to suffer damages as a result of Security National's wrongful, bad faith failure to timely respond to its claim for coverage and eventual denial of same.

55. As a result of Defendant's bad faith, Plaintiffs were forced to initiate this Declaratory Judgment Action in order to secure Chester Ave. rights under the Policy.

56. As a result of Defendant's bad faith, Plaintiff Westminster may be forced to make a settlement payment at the upcoming mediation in order to protect Chester Ave's interests which it otherwise may not have been required to make had Defendant acknowledged its obligation.

WHEREFORE, Plaintiffs demand judgment against Defendant, Security National in an amount in excess of $75,000, together with costs, interest, and attorney's fees, punitive damages, and special damages provided for by 42 Pa.C.S.A. § 8371, along with such other and further relief as this Honorable Court deems necessary and/or appropriate.

## COUNT III
## BREACH OF CONTRACT

### Chester Ave. v. Security National

57. Plaintiffs hereby incorporate the preceding paragraphs 1-58 of this Declaratory Judgment Complaint as though same were set forth at length herein.

58. All parties agree that Chester Ave. qualifies as an additional insured under AM Marlin's Security National Commercial General Liability Insurance Policy.

59. As an additional insured Security National were required by the terms of the AM Marlin Policy to defend and indemnify Chester Ave. against Underlying Claimants' claims.

60. By its refusal to provide Chester Ave. with such a defense and indemnity, Defendant Security National breached its duties to Chester Ave. as an additional insured under the AM Marlin Policy.

61. By failing to timely investigate and issue a formal coverage opinion to Chester Ave. denying coverage for Underlying Claimants' claims, Defendant Security National further breached its duties to Chester Ave. as an additional insured under the AM Marlin Policy.

62. By failing to acknowledge and agree to attend the pre-suit mediation and even so much as attempt to settle Underlying Claimants' claims on Chester Ave's behalf, Defendant Security National further breached its duties to Chester Ave. as an additional insured under the AM Marlin Policy.

WHEREFORE, Plaintiffs demand judgment against Defendant, Security National in an amount in excess of $75,000, together with costs, interest, and attorney's fees, along with such other and further relief as this Honorable Court deems necessary and/or appropriate.

**Langsam Stevens Silver & Hollaender LLP**

Dated: 5/8/2020

By: */s/ Charles M. Adams, CPCU, Esquire*
Charles M. Adams, CPCU, Esquire
Pa. Identification No. 310405
1818 Market Street, Suite 2610
Philadelphia, PA 19103
T: 215-732-3255
F: 215-732-3260
E: CAdams@lssh-law.com
Attorneys for Plaintiffs
Westminster American Insurance Company and 4207 Chester Ave., LLC