IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTMINSTER AMERICAN INSURANCE COMPANY and ARGENIS REYES and ROSALBA MUNOZ, h/w, as assignees of 4207 CHESTER AVE, LLC and WALDY REYES,<br><br>Plaintiffs,<br><br>v.<br><br>SECURITY NATIONAL INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.: 2:20-cv-02195 |

## ORDER

**AND NOW**, this ____ day of _____, 2020, upon consideration of Defendant, Security National Insurance Company's Motion to Disqualify, and all responses thereto, it is hereby ORDERED and DECREED that said Motion is DISMISSED as MOOT and all issues raised therein as to Plaintiffs' former counsel's representation in this Matter are rendered moot. It is hereby further Ordered that the Temporary Stay of Proceedings is hereby Vacated.

**By the Court:**

_____

J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WESTMINSTER AMERICAN INSURANCE COMPANY and ARGENIS REYES and ROSALBA MUNOZ, h/w, as assignees of 4207 CHESTER AVE, LLC and WALDY REYES,<br><br>Plaintiffs,<br><br>v.<br><br>SECURITY NATIONAL INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.: 2:20-cv-02195 |

**PLAINTIFFS, WESTMINSTER AMERICAN INSURANCE COMPANY and ARGENIS REYES, as assignee of 4207 CHESTER AVE., LLC and WALDY REYES'S BRIEF IN OPPOSITION TO DEFENDANT, SECURITY NATIONAL INSURANCE COMPANY'S MOTION TO DISQUALIFY**

Plaintiffs, Westminster American Insurance Company and Argenis Reyes, as assignee of 4207 Chester Ave, LLC and Waldy Reyes, ("Plaintiffs"), by and through their undersigned counsel Saltz Mongeluzzi & Bendesky P.C., come now before this Honorable Court and respectfully submit this Brief in Opposition to Defendant, Security National Insurance Company's ("Security National") Motion to Disqualify.

**I.      INTRODUCTION**

The justiciability requirement set forth in Article III of the United States Constitution requires this Court to dismiss Defendant's Motion to Disqualify. Defendant's Motion to Disqualify should be dismissed by this Court because the issues raised by Defendant therein have

been rendered moot by Plaintiffs' former counsel's withdrawal from representation of Plaintiffs in this matter. With the withdrawal of Plaintiffs' former counsel, Defendant received the very relief it sought from this Court in its Motion to Disqualify. Any further consideration and determination of Defendant's Motion to Disqualify by this Court will in no way affect the rights of the parties in this Matter. Accordingly, this Honorable Court should dismiss Defendant's Motion to Disqualify as moot.

**II.    QUESTION PRESENTED**

> 1.    Should this Honorable Court dismiss Defendant's Motion to Disqualify as moot, where Plaintiffs' former counsel, who Defendant sought to disqualify, has voluntarily withdrawn from representation of Plaintiffs in this Matter?

**Suggested Answer: Yes.**

**III.    COUNTER-STATEMENT OF FACTS**

On July 17, 2020, Defendant filed a Motion to Disqualify Plaintiffs' counsel. See Defendant's Motion to Disqualify, attached hereto without exhibits as **Exhibit A**. In this Motion, Defendant's argued—in summary—that Plaintiffs' former counsel, Langsam Stevens Silver & Hollaender LLP, had a conflict of interest in representing Plaintiffs in this matter. Id. Defendant further argued that, in light of this conflict of interest, Plaintiffs' former counsel's continued representation of Plaintiffs in this matter was a violation of various sections of the Pennsylvania Rules of Professional Conduct and that, as a result of the violations, Plaintiffs' former counsel must be disqualified. Id.

While Plaintiffs' former counsel vehemently opposed Defendant's allegations set forth in its Motion to Disqualify, Plaintiffs' former counsel nonetheless decided it was in Plaintiffs' collective best interests to voluntarily withdraw from its representation of Plaintiffs in this matter. See Withdrawal of Appearances for Attorneys Adams, Frommer, and McHale, attached

hereto collectively as **Exhibit B**. Undersigned counsel entered its appearance for Plaintiffs on July 21, 2020. See Entry of Appearance for Attorneys Robert J. Mongeluzzi, Larry Bendesky, Adam J. Pantano and Marni Berger attached hereto collectively as **Exhibit C.**

As Defendant's Motion to Disqualify sought to disqualify Plaintiffs' former counsel, who since the filing of this Motion has voluntarily withdrawn from its representation of Plaintiffs in this matter, the justiciability requirements set forth in Article III of the United States Constitution require this Court to dismiss Defendant's Motion to Disqualify.

**IV.   LEGAL ARGUMENT**

Under Article III of the United States Constitution, federal courts may only adjudicate actual, ongoing controversies. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). It is not enough that the actual case or controversy be live at the time the action is filed or the issue is first raised. Deakins v. Monaghan, 484 U.S. 193, 199 (1988). Instead, the actual case or controversy requirement set forth in Article III subsists throughout all stages of federal judicial proceedings. Id. Federal courts are not permitted to decide questions that do not and cannot affect the rights of the litigants in the case before them. North Carolina v. Rice, 404 U.S. 244, 246 (1971). Instead, a federal court may adjudicate only actual, ongoing cases and controversies that exist between the parties. Lewis, 494 U.S. at 477.

Defendant's Motion to Disqualify must be dismissed by this Court because Plaintiffs' former counsel, who Defendant argued had a conflict of interest, has voluntarily withdrawn from its continued representation of Plaintiffs in this matter. In its Motion to Disqualify, Defendant seeks to disqualify Plaintiffs' former counsel. In summary, Defendant argues that Plaintiffs' former counsel must be disqualified because Plaintiffs' former counsel allegedly had a conflict of interest in its representation of Plaintiffs in this matter. While Plaintiffs' former counsel

3

believed that Defendant's arguments as to its alleged conflict of interest were baseless, Plaintiffs' former counsel nonetheless decided to voluntarily withdraw from its continued representation of Plaintiffs in this matter. See **Exhibit B**. Plaintiffs' undersigned counsel entered its appearance for Plaintiffs on July 21, 2020. See **Exhibit C**.

With the voluntary withdrawal of Plaintiffs' former counsel, all issues raised in Defendant's Motion to Disqualify were rendered moot. Article III of the U.S. Constitution prevents this Court from further considering Defendant's Motion to Disqualify because any and all issues raised in this motion are no longer ongoing and can no longer affect any of the rights of any of the parties in this matter. No ongoing controversy exist between the parties as to the issues raised in Defendant's Motion to Disqualify because, with Plaintiffs' former's counsel's withdrawal from this matter, Defendant received the very relief it sought in filing this Motion— namely, to prevent Plaintiffs' former counsel from representing Plaintiffs in this matter.

**V.     CONCLUSION**

This Court should dismiss Plaintiffs' Motion to Disqualify because this motion is no longer justiciable. The issues and allegations raised by Defendant in this Motion apply only to Plaintiffs' former counsel's representation of Plaintiffs in this matter. With Plaintiffs' former counsel decision to voluntarily withdrawal from the representation of Plaintiffs in this matter, any such issues and allegations were rendered moot. Pursuant to Article III of the U.S. Constitution this Court cannot consider any such moot issues, and Defendant's Motion to Disqualify must be dismissed by this Court.

**WHEREFORE**, for the reasons set forth above, Plaintiffs respectfully requests that this Court enter the proposed order attached hereto, dismissing Defendant's Motion to Disqualify.

                SALTZ MONGELUZZI & BENDESKY P.C.

                BY   */s/ RJM9362*
                      ROBERT J. MONGELUZZI
                      I.D. #36283
                      LARRY BENDESKY
                      I.D. #51026
                      ADAM J. PANTANO
                      I.D. #85261
                      MARNI BERGER
                      I.D. #309303
                      One Liberty Place, 52nd Floor
                      1650 Market Street
                      Philadelphia, PA  19103
                      215-496-8282
                      *Attorneys for Plaintiffs*

Dated:  July 23, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTMINSTER AMERICAN INSURANCE COMPANY and ARGENIS REYES and ROSALBA MUNOZ, h/w, as assignees of 4207 CHESTER AVE, LLC and WALDY REYES,<br><br>Plaintiffs,<br><br>v.<br><br>SECURITY NATIONAL INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.: 2:20-cv-02195 |

## CERTIFICATE OF SERVICE

I, Adam J. Pantano, Esquire do hereby certify that true and correct copies of Plaintiffs' foregoing Brief in Opposition to Defendant, Security National Insurance Company's Motion to Disqualify was filed this day via the Electronic Case Filing System and thereby deemed served on all counsel of record pursuant to Rule 5.1.2 of the Local Rules of Civil Procedure.

SALTZ MONGELUZZI & BENDESKY P.C.

BY    */s/ AJP6023*
ADAM J. PANTANO
I.D. #85261
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA  19103
215-496-8282
*Attorneys for Plaintiffs*